**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JONATHAN ALEXANDER CORADO CASTILLO,

Petitioner,

v.

CHRISTOPHER LAROSE, et al.,

Respondents.

Case No.: 26-cv-2141-BJC-MSB

**ORDER:**
**(1) GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS; and**
**(2) DENYING MOTION TO WITHDRAW AS COUNSEL AS MOOT [ECF NO. 6]**

Pending before the Court is Petitioner Jonathan Alexander Corado Castillo's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner's counsel has filed a Motion to Withdraw as Counsel. ECF No. 6.

Petitioner asserts his continued detention exceeds statutory authority and violates the due process clause of the United States Constitution. ECF No. 1. Petitioner requests that this Court assume jurisdiction over the matter, grant the Petition and order Respondents to release him from custody or schedule a bond hearing before an immigration judge.

**I. BACKGROUND**

Petitioner is a native and citizen of El Salvador, who entered the United States without inspection through the Calexico, California on June 28, 2014. He was removed

from the United States (to El Salvador) in March 2020 pursuant to a removal order dated June 14, 2016. ECF No. 4 at 1. Petitioner attempted to unlawfully reenter the United States at the San Ysidro Port of Entry on January 19, 2026. Petitioner did not have valid documents to legally enter the United States. He was found to be inadmissible pursuant to Section 212(a)(7)(A)(i)(I) of the INA and was taken into DHS custody pending a credible fear interview. An asylum officer subsequently found that Petitioner demonstrated credible fear, and on January 27, 2026, he was issued a Notice to Appear which initiated removal proceedings against him.

On June 24, 2026, Petitioner's application for asylum was denied and he has now appealed that decision to the Board of Immigration Appeals (BIA). As a result, there is currently no administratively final order of removal. Petitioner has remained in ICE custody since his entry into the United States.

## II. LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process, for example, a claim of indefinite detention, federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*,

## III. DISCUSSION

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025). However, "[n]early all district courts that

have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases). To determine whether continued mandatory detention without a bond hearing has become unreasonable, "the Court will look to the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022).

First, Petitioner has been detained since January 19, 2026, a period of almost ten months. Under the circumstances of the present case, the length of detention without a bond hearing weighs in favor of Petitioner. See *Hoyos Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable.") (collecting cases); *Tonoyan v. Andrews,* No. 1:25-CV-00815-SKO (HC), 2025 WL 3013684, at *4 (E.D. Cal. Oct. 28, 2025) ("Petitioner has been detained approximately 11 months. This period ... qualifies as prolonged."); *Gao*, 2025 WL 2770633, at *5 ("The Court finds that Petitioner's detention for over 10 months without a bond hearing, in the context of the specific circumstances described above, has become unreasonable and violates due process."); *Lopez v. Garland,* 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) ("Petitioner has been in immigration detention ... approximately one year. District court have found shorter lengths of detention ... without a bond hearing to be unreasonable.") (collecting cases).

Next, Petitioner has an appeal to the BIA pending which makes it uncertain, at best, how long his detention will last. See *Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) (noting that the "government cannot predict with any degree of confidence when the BIA appeal will be resolved"). Therefore, this factor weighs in favor of Petitioner. Finally, neither the government nor Petitioner appear to have caused delays in the removal proceedings, making this factor neutral.

In sum, the circumstances here weigh in favor of Petitioner's right to a prompt and individualized bond hearing at which Respondents must justify his continued detention by a showing of clear and convincing evidence that he would likely flee or pose a danger to the community if released.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS IN PART** the petition for a writ of habeas corpus. Respondents shall hold a constitutional adequate bond hearing **no later than October 16, 2026**. Respondents are enjoined from transferring Petitioner before a bond hearing takes place. The Court **DENIES** Motion to Withdraw as Counsel as moot. ECF No. 6. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: October 2, 2026

Honorable Benjamin J. Cheeks
United States District Judge